IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVO NORDISK INC. and<br>NOVO NORDISK A/S,<br><br>Plaintiffs,<br><br>v.<br><br>ZYDUS WORLDWIDE DMCC, ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LTD.,<br><br>Defendants. | ) | C.A. No. _______________ |

**COMPLAINT**

Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk"), by their undersigned attorneys, for their Complaint against Defendants Zydus Worldwide DMCC, Zydus Pharmaceuticals (USA) Inc., and Cadila Healthcare Ltd. (collectively, "Zydus"), allege:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, arising from Zydus's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA"), by which Zydus seeks approval to market a generic version of Novo Nordisk's pharmaceutical product Ozempic® prior to the expiration of United States Patent Nos. 9,132,239 (the "'239 patent") and 10,335,462 (the "'462 patent"), which cover *inter alia*, Ozempic® and/or its use.

**THE PARTIES**

2. Plaintiff Novo Nordisk Inc. ("NNI") is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

3. Plaintiff Novo Nordisk A/S ("NNAS") is an entity organized and existing under the laws of the Kingdom of Denmark, and has its principal place of business at Novo Allé, 2880 Bagsværd, Denmark. NNI is an indirect, wholly-owned subsidiary of NNAS.

4. On information and belief, Defendant Zydus Worldwide DMCC is a corporation organized and existing under the laws of the United Arab Emirates, having its principal place of business at Armada Tower 2, P2, Cluster P, 9 Floor, Office 908, Al Thanyah 5, Hadaeq Mohammed Bin Rashid, Dubai, United Arab Emirates. On information and belief, Zydus Worldwide DMCC is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

5. On information and belief, Defendant Zydus Pharmaceuticals (USA) Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 73 Route 31 North, Pennington, New Jersey 08534. On information and belief, Zydus Pharmaceuticals (USA) Inc. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

6. On information and belief, Defendant Cadila Healthcare Ltd. is a corporation organized and existing under the laws of India, having its principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad, Gandhinagar GJ 382 481, India. On information and belief, Cadila Healthcare Ltd. is in the business of making and selling generic pharmaceutical products, which is distributes in the State of Delaware and throughout the United States.

7. On information and belief, Defendants Zydus Worldwide DMCC and Zydus Pharmaceuticals (USA) Inc. are wholly owned indirect subsidiaries of Defendant Cadila Healthcare Ltd.

8. On information and belief, Defendants Zydus Worldwide DMCC, Zydus Pharmaceuticals (USA) Inc., and Cadila Healthcare Ltd. acted in concert to prepare and submit ANDA No. 215704 ("Zydus's ANDA") to the FDA.

9. On information and belief, following any FDA approval of Zydus's ANDA, Defendants Zydus Worldwide DMCC, Zydus Pharmaceuticals (USA) Inc., and Cadila Healthcare Ltd. will act in concert to distribute and sell a generic version of semaglutide injection, 2 mg/1.5 ml (1.34 mg/ml) prefilled pen and 4 mg/3 ml (1.34 mg/ml) prefilled pen ("Zydus's Product") throughout the United States, including within Delaware.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendant Zydus Worldwide DMCC by virtue of, *inter alia*, its presence in Delaware, having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court (*see e.g.*, *UCB, Inc. v. Zydus Worldwide DMCC, et al.*, C.A. No. 16-01023 (D. Del. Feb. 27, 2017)); and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see e.g.*, *Pharmacyclics LLC v. Zydus Worldwide DMCC, et al.*, C.A. No. 20-00560 (D. Del. Apr. 24, 2020)).

12. This Court has personal jurisdiction over Defendant Zydus Pharmaceuticals (USA) Inc. by virtue of, *inter alia*, its presence in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court; and having taken advantage of the rights and protections provided by this Court, including having asserted

counterclaims in this jurisdiction (*see e.g.*, *Boehringer Ingelheim Pharmaceuticals et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 19-01501 (D. Del. Aug. 9, 2019)).

13. This Court has personal jurisdiction over Defendant Cadila Healthcare Ltd. by virtue of, *inter alia*, its presence in Delaware, having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court (*see e.g.*, *Pharmacyclics LLC, et al. v. Zydus Worldwide DMCC, et al.*, C.A. No. 18-00275 (D. Del. Feb. 16, 2018)); and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see e.g.*, *Acadia Pharmaceuticals Inc. v. Zydus Pharmaceuticals (USA) Inc.*, C.A. No. 20-01021 (D. Del. Jul. 30, 2020); *Allergan USA, Inc. v. Sun Pharmaceutical Industries Ltd.*, C.A. No. 19-02317 (D. Del. Dec. 20, 2019)).

14. On information and belief, Zydus intends to sell, offer to sell, use, and/or engage in the commercial manufacture of Zydus's Product, directly or indirectly, throughout the United States and in this District. Zydus's filing of Zydus's ANDA confirms this intention and further subjects Zydus to the specific personal jurisdiction of this Court.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENTS-IN-SUIT**

16. On September 15, 2015, the United States Patent and Trademark Office issued the '239 patent, entitled "Dial-Down Mechanism For Wind-Up Pen," a copy of which is attached to this Complaint as Exhibit A. NNAS is the owner of all right, title, and interest in the '239 patent.

17. On July 2, 2019, the United States Patent and Trademark Office issued the '462 patent, entitled "Use Of Long-Acting GLP-1 Peptides," a copy of which is attached to this Complaint as Exhibit B. NNAS is the owner of all right, title, and interest in the '462 patent.

## <u>OZEMPIC®</u>

18. NNI holds approved New Drug Application No. 209637 (the "Ozempic® NDA") for Ozempic® (semaglutide) subcutaneous solution, 2 mg/1.5 ml (1.34 mg/ml) and 4 mg/3 ml (1.34 mg/ml), which NNI sells under the trade name Ozempic®.

19. The claims of the patents-in-suit cover, *inter alia*, Ozempic® and/or its use.

20. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '239 and '462 patents are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Ozempic®.

## <u>ZYDUS'S ANDA</u>

21. On information and belief, Zydus submitted ANDA No. 215704 ("Zydus's ANDA") to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market a generic version of semaglutide injection, 2 mg/1.5 ml (1.34 mg/ml) prefilled pen and 4 mg/3 ml (1.34 mg/ml) prefilled pen ("Zydus's Product").

22. On information and belief, Zydus's ANDA refers to and relies upon the Ozempic® NDA and contains data that, according to Zydus, demonstrate the bioequivalence of Zydus's Product and Ozempic®.

23. By letter to NNI and NNAS, dated January 27, 2022 (the "Notice Letter"), sent by Zydus Pharmaceuticals (USA) Inc. as agent of Zydus Worldwide DMCC, Zydus stated that Zydus's ANDA contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '239 and '462 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Zydus's Product (the "Paragraph IV Certification"). Zydus attached a memorandum to the Notice Letter in which it purported to allege factual and legal bases for its

Paragraph IV Certification. NNI and NNAS file this suit within 45 days of receipt of the Notice Letter.

**<u>COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 9,132,239</u>**

24. Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-23 of this Complaint.

25. Zydus has infringed the ’239 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Zydus’s ANDA, by which Zydus seeks approval from the FDA to manufacture, use, offer to sell, and sell Zydus’s Product prior to the expiration of the ’239 patent.

26. Claims 1-3 of the ’239 patent are directed to a dial-down mechanism for an injection device. Zydus’s manufacture, use, offer for sale or sale of Zydus’s Product within the United States, or importation of Zydus’s Product into the United States, during the term of the ’239 patent would infringe claims 1-3 of the ’239 patent.

27. Novo Nordisk will be harmed substantially and irreparably if Zydus is not enjoined from infringing the ’239 patent and/or if the FDA is not enjoined from approving Zydus’s ANDA before the ’239 patent expires.

28. Novo Nordisk has no adequate remedy at law.

29. Zydus was aware of the ’239 patent when it submitted its ANDA. Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys’ fees under 35 U.S.C. § 285.

**<u>COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 10,335,462</u>**

30. Novo Nordisk re-alleges and incorporates by reference the allegations of Paragraphs 1-29 of this Complaint.

31. Zydus has infringed the ’462 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Zydus’s ANDA, by which Zydus seeks approval from the FDA to manufacture, use, offer to sell, and sell Zydus’s Product prior to the expiration of the ’462 patent.

32. Claims 1-10 of the ’462 patent are directed to methods of treating type 2 diabetes comprising administering semaglutide to a subject in need thereof. Zydus’s manufacture, use, offer for sale or sale of Zydus’s Product within the United States, or importation of Zydus’s Product into the United States, during the term of the ’462 patent would infringe claims 1-10 of the ’462 patent.

33. Upon information and belief, Zydus’s sale or offer for sale of Zydus’s Product within the United States, or importation of Zydus’s Product into the United States, or commercial marketing of Zydus’s Product in the United States, during the term of and with knowledge of the ’462 patent, would intentionally induce others to use Zydus’s Product in the United States, thus inducing infringement of claims 1-10 of the ’462 patent.

34. Novo Nordisk will be harmed substantially and irreparably if Zydus is not enjoined from infringing the ’462 patent and/or if the FDA is not enjoined from approving Zydus’s ANDA before the ’462 patent expires.

35. Novo Nordisk has no adequate remedy at law.

36. Zydus was aware of the ’462 patent when it submitted its ANDA. Novo Nordisk is entitled to a finding that this case is exceptional and to an award of attorneys’ fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Novo Nordisk prays for a judgment in its favor and against Zydus and respectfully requests the following relief:

A. A judgment that Zydus has infringed the ’239 patent;

B. A judgment that Zydus has infringed the ’462 patent;

C. A judgment ordering that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Zydus’s ANDA, under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), shall not be earlier than the expiration of the ’239 and ’462 patents, including any extensions, adjustments, and exclusivities;

D. A judgment, pursuant to 35 U.S.C. § 271(e)(4)(B), preliminarily and permanently enjoining Zydus, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from manufacturing, using, offering to sell, or selling Zydus’s Product within the United States, or importing Zydus’s Product into the United States, prior to the expiration of the ’239 and ’462 patents, including any extensions, adjustments, and exclusivities;

E. If Zydus commercially manufactures, uses, offers to sell, or sells Zydus’s Product within the United States, or imports Zydus’s Product into the United States, prior to the expiration of the ’239 and ’462 patents, including any extensions, adjustments, and exclusivities, a judgment awarding Novo Nordisk monetary relief, together with interest;

F. An award of attorneys’ fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

G. An award of costs and expenses in this action; and

H. Such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorney for Novo Nordisk Inc. and Novo Nordisk A/S*

OF COUNSEL:

Jeffrey J. Oelke
Ryan P. Johnson
Robert E. Counihan
Laura T. Moran
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010-6035
(212) 430-2600

March 4, 2022